UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| IN RE: STEPHANIE RENEE POTEAT, | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | |
| | ) | |
| JOHN F. WEARY, JR., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No.: 3:14-CV-46-TAV-HBG |
| | ) | |
| STEPHANIE RENEE POTEAT, | ) | |
| | ) | |
| Appellee. | ) | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on Appellee's Motion for Damages and Costs for Frivolous Appeal Pursuant to Fed. R. Bankr. P. 8020 [Doc. 3]. Appellee moves the Court pursuant to Federal Rule of Bankruptcy Procedure 8020 to find that appellant's appeal is frivolous and accordingly award just damages and single or double costs. Appellant responded in opposition to this request [Doc. 4]. Also before the Court is Appellant's Motion for Enlargement of Time to File Briefs [Doc. 5], in which appellant moves the Court pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1) for an enlargement of the time in which to file briefs related to his appeal. Appellee filed an untimely response in opposition to appellant's motion. *See* E.D. Tenn. L.R. 7.1(a).

I.  **Background**

On April 30, 2013, appellee filed a voluntary petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of Tennessee [Doc. 1-1]. Subsequently, appellant, who is one of appellee's bankruptcy creditors, sent letters to appellee's counsel and mother regarding appellee's debt and his intent to pursue criminal charges against appellee [Doc. 1-36 pp. 5–8]. Because these letters were sent after appellee had filed her bankruptcy petition—which triggered the automatic stay imposed by 11 U.S.C. § 362—appellee moved the bankruptcy court to hold appellant in contempt of court for violating the automatic stay [*Id.* at 10–11]. The bankruptcy court granted this motion, awarding actual damages of $28.25 and punitive damages of $7,500.00, as well as $5,784.39 in attorneys' fees and expenses incurred by appellee's counsel in prosecuting the motion [*Id.* at 16].

On December 21, 2013, appellant filed a notice of appeal of the bankruptcy court's decision [Doc. 1-29]. On February 4, 2014, the appeal was docketed in this Court [Doc. 1], and on February 5, 2014, a notice was sent to the parties that stated, in part: "Unless otherwise ordered by the district court, the briefing schedule set forth in Bankruptcy Rule 8009(a) (copy attached) will apply." Federal Rule of Bankruptcy Procedure 8009(a) states:

> Unless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits:
>
> (1) The appellant shall serve and file a brief within 14 days after entry of the appeal on the docket pursuant to Rule 8007.

> (2) The appellee shall serve and file a brief within 14 days after service of the brief of appellant. If the appellee has filed a cross appeal, the brief of the appellee shall contain the issues and argument pertinent to the cross appeal, denominated as such, and the response to the brief of the appellant.
>
> (3) The appellant may serve and file a reply brief within 14 days after service of the brief of the appellee, and if the appellee has cross-appealed, the appellee may file and serve a reply brief to the response of the appellant to the issues presented in the cross appeal within 14 days after service of the reply brief of the appellant. No further briefs may be filed except with leave of the district court or the bankruptcy appellate panel.

Appellant failed to comply with Rule 8009(a)(1), as nothing was filed in the record until appellee's March 31, 2014 motion asking the Court to find appellant's appeal frivolous and award damages and costs [Doc. 3]. In this motion, appellee cites Federal Rule of Bankruptcy Procedure 8020, which states:

> If a district court or bankruptcy appellate panel determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion or notice from the district court or bankruptcy appellate panel and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Appellee submits that appellant's appeal is frivolous because: (1) it is very doubtful that appellant has a reasonable expectation of success on appeal given the forceful opinion issued by the bankruptcy court; (2) appellant has yet to request a transcript of the trial proceedings in the bankruptcy court; and (3) appellant failed to file a brief in support of his appeal within the requisite time for doing so [Doc. 3 p. 2].

In a timely response in opposition to appellee's motion, appellant contends that appellee's motion is baseless and conclusory in its assertion that the appeal is frivolous

3

[Doc. 4 p. 1]. Appellant submits that his counsel overlooked the Court's February 5 notice and therefore did not calendar the deadlines set forth therein [*Id.*]. Instead, counsel for appellant relates that he believed in good faith that the Court would issue a briefing schedule [*Id.* at 1–2]. Counsel for appellant states that he regrets the error and did not intend to neglect this appeal [*Id.* at 1]. In light of this explanation, appellant submits that appellee has provided no evidence, outside of conclusory allegations, that appellant's appeal is frivolous [*Id.* at 2].

Simultaneously, appellant filed a motion seeking an enlargement of the time in which to file a brief in support of his appeal [Doc. 5]. As justification, appellant cites Federal Rule of Bankruptcy Procedure 9006(b)(1), which provides:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Counsel for appellant admits that upon review of his email system, he received the February 5 notice from the Court, but apparently overlooked this notice and therefore failed to calendar the deadline for filing a brief [Doc. 5 p. 1]. Counsel submits that he greatly regrets this error and apologizes to the Court and opposing counsel [*Id.* at 1–2]. Yet, given the seriousness of the allegations and ruling against appellant and the fact that this dispute proceeded to trial in the bankruptcy court, counsel for appellant emphasizes

that neither appellant nor his counsel have taken this matter lightly [*Id.* at 2]. Counsel for appellant represents that the foregoing amounts to excusable neglect and consequently requests an enlargement of the time in which to file a brief in support of appellant's appeal [*Id.* at 2].

Appellee filed an untimely response on May 14, 2014, submitting that she opposes any enlargement of time and stating in support: "Appellant filed a Motion for Enlargement of Time to File Briefs on April 15, 2014. Today is May 14, 2014, almost a month later, and no Brief has been filed" [Doc. 6 p. 1]. In response, appellant filed his brief on May 20, 2014 [Doc. 7].

**II.     Analysis**

First, the Court must address appellee's motion contending that appellant's appeal is frivolous. Bankruptcy Rule 8020 "is materially the same as Federal Rule of Appellate Procedure 38," and the Sixth Circuit has therefore construed it in light of the application of Rule 38. *In re Reese*, 485 F. App'x 32, 35 (6th Cir. 2012). "[S]anctions are warranted under Appellate Rule 38 only in the rare case when an appeal involves an improper purpose, such as harassment or delay, or when . . . an appeal consists of baseless or improperly raised arguments." *Id.* (citation and internal quotation marks omitted). In addition, "[f]rivolous appeals, such as those in which the result is obvious or the appellant's argument is wholly without merit, also may warrant sanctions[,]" and "sanctions are appropriate where the appeal was prosecuted with no reasonable

5

expectation of altering the district court's judgment . . . or out of sheer obstinacy." *Id.* (citations, alterations, and internal quotation marks omitted).

Here, the Court finds that appellee has not shown that appellant's appeal is frivolous. Though appellant has admitted to overlooking the notice highlighting the briefing schedule, the Court finds that the record does not indicate that the appeal was taken to harass or delay appellee, despite appellee's allegations to this effect.

Further, in light of the fact that the issues involved in the appeal have not yet been briefed, the Court cannot say that the appeal: (1) is wholly without merit, (2) was filed with no reasonable expectation of altering the bankruptcy court's judgment, or (3) was filed out of sheer obstinacy. To this end, neither the fact that the bankruptcy court's opinion was strongly worded nor appellant's failure to file a brief in support of his appeal—admittedly as a result of counsel's failure to timely ascertain and calendar the deadline for doing so—renders the appeal frivolous. And to the extent that appellant has yet to request a transcript that is not already in the record, that likewise does not lead to the conclusion that the appeal is frivolous. Accordingly, the Court denies the appellee's motion.

Next, the Court must determine whether to grant appellant's motion for an enlargement of the time in which to file a brief in support of his appeal. As previously noted, Federal Rule of Bankruptcy Procedure 9006(b)(1) provides:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1)

6

> with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Appellant did not file his motion before the expiration of the filing period, and thus he requests that the Court find that his failure to file a brief within the requisite period was the result of excusable neglect.

The Supreme Court has stated that the determination as to whether a party's neglect is excusable:

> is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (citation and footnote omitted).

With respect to the first factor, the Court finds there is little danger of prejudice to the debtor in this case—appellee—if appellant's motion for enlargement is granted because appellee will have the opportunity to respond in opposition to any filing by appellant in support of his appeal.

Regarding the second, third, fourth, and fifth factors, the Court finds the delay was less than two months, a relatively insignificant amount of time. There does not appear to be any bad faith on the part of appellant, whose attorney overlooked and failed to

7

properly calendar the deadline for filing a brief and moved for an enlargement of time simultaneously to filing his timely response to appellee's motion, which presumably alerted appellant to his neglect. Granting appellant's request for an enlargement of time also will have a slight impact on the judicial proceedings because the appeal was only recently commenced and is in its early stages. As the Supreme Court stated in *Pioneer Investment Services Co.*, "the lack of any prejudice to the debtor or to the interests of efficient judicial administration, combined with the good faith of [movants] and their counsel, weigh strongly in favor of permitting the tardy claim." 507 U.S. at 398. The reason for the delay was within the reasonable control of appellant, given that it resulted from his counsel overlooking and failing to calendar the deadline, but considering that the other factors weigh in appellant's favor, the Court finds that this factor is not controlling. Moreover, the Court must be mindful of "the strong policy in favor of deciding cases on their merits." *Krowtoh II LLC v. ExCelsius Int'l Ltd.*, 330 F. App'x 530, 537 (6th Cir. 2009) (citation and internal quotation marks omitted).

Finally, in response to appellee's argument that an enlargement of time should not be granted because, nearly one month after filing his motion requesting such relief, appellant has failed to file a brief, the Court notes that it would be presumptive for appellant to do so prior to the Court's ruling on his motion. In any event, six days after appellee's response, appellant filed a brief in support of his appeal. Whether appellant filed a brief prior to the Court's ruling on his motion for enlargement of time has no bearing on the ruling, however. To this end, appellant failed to file a brief within the

requisite period set forth in Federal Rule of Bankruptcy Procedure 8009(a), and therefore, the issue is whether he should be permitted to belatedly file a brief, not whether he has shown that he is presently prepared to do so.

Taking into account all of the circumstances in this case, the Court finds appellant's neglect excusable and grants his motion for an enlargement of the time in which to file a brief in support of his appeal.

### III. Conclusion

For the reasons set forth herein, the Court hereby **DENIES** Appellee's Motion for Damages and Costs for Frivolous Appeal Pursuant to Fed. R. Bankr. P. 8020 [Doc. 3] and **GRANTS** Appellant's Motion for Enlargement of Time to File Briefs [Doc. 5]. Appellant has filed a brief in support of his appeal [Doc. 7]. Appellee shall have **<u>fourteen (14) days</u>** from the entry of this order to file a response to appellant's brief.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE